IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAVBRKI DICKERSON,

    Petitioner,

v.                                      CASE NO. 4:11-cv-320-WS-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a memorandum of law. Docs. 1, 2. The Respondent filed a response and an appendix with relevant portions of the state-court record (hereafter "Exh."). Docs. 24, 25. Petitioner filed a reply. Doc. 27. Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

A Leon County jury convicted Petitioner of burglary of a dwelling, burglary of a structure (a shed on the same property as the dwelling), petit theft, resisting an officer without violence, and giving a false name or identification to an officer. App. Exh. A at 36-38, Exh. C. at 287-88. Petitioner was sentenced as a habitual felony offender to 16 years imprisonment. Exh. A at 57-67. Petitioner was granted a belated appeal in 2005.

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

*Id*. at 137-38. Petitioner asserted ten claims on appeal, including a claim that the trial court fundamentally erred under the sixth amendment in reading standard jury instructions on burglary that did not repeat the "reasonable doubt" standard immediately prior to listing the "dwelling" element of the offense, in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000). App. Exh. J. The First DCA affirmed *per curiam* without written opinion on November 26, 2008. App. Exh. M.

During the pendency of his petition for belated appeal, Petitioner also sought relief from his sentence in the sentencing court pursuant to various Fla. R. Crim. P. 3.800 motions.[2] In February 2009, Petitioner filed a motion and amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 asserting four claims of ineffective assistance of trial counsel. App. Exh. T.[3] On August 24, 2010, the state court denied Petitioner's Rule 3.850 motion; the First DCA affirmed *per curiam* without written opinion. Exh. T, 43-49; Exh. Y.

On November 22, 2010, Petitioner filed in the First DCA a pleading construed as a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. App. Exh. Z. Petitioner alleged three claims, including appellate counsel's failure to appeal the State's peremptory strike against an African-American venire member. *Id*. On January 10, 2011, the First DCA denied relief on the merits without a written opinion. App. Exh. BB.

---

[2]These motions are summarized in the Response, Doc. 24 at 5-6, but they will not be discussed further because they are not relevant to the claims in the instant Petition.

[3]These claims need not be discussed in detail because they are not relevant to the claims in the instant Petition.

The instant federal habeas petition followed.[4] Petitioner asserts two grounds for relief: (1) The prosecutor's use of a peremptory challenge to remove the only African American male from the jury violated *Batson v. Kentucky*, 476 U.S. 79 (1986); and (2) Petitioner's enhanced sentence for burglary of a dwelling violated *Apprendi*. Doc. 1. Respondent contends that Petitioner's *Batson* claim is unexhausted and procedurally defaulted, and that Petitioner has not shown that the state-court's rejection of his *Apprendi* claim on the merits provides a basis for federal habeas relief. Doc. 24.

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is

---

[4] Although Respondent asserts that it does not "expressly waive any procedural bars," Respondent does not contend that the Petition is untimely, in view of Petitioner's belated appeal and the pendency of postconviction proceedings that plainly tolled the limitations period at least until February 24, 2011. *See* Doc. 24. The instant Petition was filed on July 14, 2011.

obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Section 2254 Standard of Review

Under the AEDPA, if a petitioner's habeas claim "was adjudicated on the merits in State court proceedings," a federal court may not grant habeas relief unless the state decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner does not argue under § 2254(d)(2) that the Florida courts made an unreasonable determination of facts in denying his claims. Thus, to overcome the high habeas threshold, Petitioner must establish under § 2254(d)(1) that the state court's refusal to grant him relief was "contrary to" or involved an "unreasonable application of" clearly established federal law

as determined by the United States Supreme Court.

"Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.' " *Jones v. GDCP Warden*, ___ F.3d ___, 2014 WL 1088312, at *10 (11th Cir. 2014) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).  For § 2254(d)(1), clearly established federal law includes only the holdings, not the dicta of Supreme Court decisions.  *White v. Woodall*, ___ U.S. ___, 134 S.Ct. 1697, 1702 (2014).  "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.' " *Jones*, 2014 WL 1088312, at *10 (alteration in original) (quoting *Williams*, 529 U.S. at 413).  The Supreme Court has interpreted § 2254(d) as requiring that, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___U.S. ___, 131 S.Ct. 770, 786–87 (2011).  "[A]n 'unreasonable application' of [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Woodall*, 134 S.Ct. at 1702.  In other words, Petitioner must establish that no fairminded jurist would have reached the Florida court's conclusion.  *See Richter*, 131 S.Ct. at 786–87; *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012).  "If this standard is difficult to meet, that is because it was meant to be."

*Richter*, 131 S.Ct. at 786.

## Discussion

### *Claim 1: Alleged race-based peremptory strike*

Petitioner, who is African-American, contends that during *voir dire*, the prosecutor improperly used a peremptory strike to remove an African-American male juror, Justin O'Neal, from the venire. Doc. 1 at 7-14. Petitioner contends that the strike violated *Batson*. *Id*.

As the Respondent points out, Petitioner did not assert a *Batson* claim in his direct appeal. Accordingly, this claim is unexhausted and procedurally defaulted unless Petitioner can establish cause and prejudice to excuse the procedural default. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding that a state procedural waiver of a federal claim will serve to bar to federal habeas review of the claim absent a showing of "cause and prejudice") (internal quotation marks omitted); *see Eagle v. Linahan,* 279 F.3d 926, 938 (11th Cir. 2001) (habeas petitioner seeking to asserted defaulted *Batson* claim as a substantive claim must allege that appellate counsel's ineffectiveness satisfied the *Wainwright* cause and prejudice test).

In his reply brief, Petitioner contends that his *Batson* claim should be reviewed on the merits because he raised an ineffective-assistance-of-appellate-counsel claim in the state courts. Doc. 27 at 15. The First DCA rejected this ineffective-assistance claim on the merits. *See* Exh. BB. Petitioner also alleges for the first time in his reply that his trial counsel rendered ineffective assistance by failing to properly preserve his *Batson* claim for appeal. *Id*. This latter ineffective-assistance claim is a new claim that may not be raised for the first time in Petitioner's reply brief. Moreover, Petitioner did

not argue ineffective assistance of trial counsel regarding a *Batson* claim in his Rule 3.850 motion. *See* Exh. U. Accordingly, this claim is unexhausted and procedurally defaulted. Petitioner has made no showing of cause and prejudice sufficient to overcome the default of his ineffective-assistance of trial counsel claim.

Claims of ineffective assistance of counsel, including those challenging the actions of appellate counsel, are governed by the standard laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir.2009) ("Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland.*"). Under *Strickland*, to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not

mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

> The Supreme Court has explained that:
>
> Under our *Batson* jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful discrimination. . . .The second step of this process does not demand an explanation that is persuasive, or even plausible. At this [second] step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.

*Purkett v. Elem*, 514 U.S. 765, 767-68 (internal quotations and citations omitted).

The trial record reflects that the prosecutor attempted to strike Mr. O'Neal for cause on the basis of his statements that "he had a problem with the criminal justice system in the question that I asked him. I know that he knew some people that were accused of crimes . . . it was more his answer that concerned me, about his feelings for the criminal justice system." The trial court denied the strike for cause, and the prosecutor used a peremptory strike. Petitioner's counsel then requested a race-

neutral reason for the strike.  The prosecutor responded "[t]he reason I gave.  There was some dissatisfaction with the criminal justice system.  That's why I would want to strike him."  The trial court then stated "[o]kay.  That's a race-neutral reason so I'll accept that."  Exh. A. at 88-89.  Petitioner's trial counsel did not press the matter further.

"Under Florida law, simply objecting to the state's possibly discriminatory strikes, and then countering any purportedly race-neutral explanation given by the prosecution, does not suffice to preserve a *Batson* claim for appeal.  Rather, trial counsel must press the already rejected challenge a second time at the conclusion of voir dire, either by expressly renewing the objection or by accepting the jury pursuant to a reservation of this claim."  *Davis v. Secretary for Dept. of Corrections,* 341 F.3d 1310, 1312 (11th Cir. 2003) (citing *Joiner v. State*, 618 So.2d 174, 175-76 (Fla. 1993)).

In this case, as Petitioner concedes, his trial counsel did not press a *Batson* claim after requesting a race-neutral race for the prosecutor's strike.  Therefore, any potential *Batson* issue stemming from the strike of Mr. O'Neal was not preserved for appeal.  Petitioner's appellate counsel can not be deemed ineffective for failing to argue claims that were not preserved by trial counsel for appeal.  *See Ferguson v. Sec'y, Dept. of Corr.*, 580 F.3d 1183, 1209 (11th Cir. 2009); *Chandler v. Moore*, 240 F.3d 907, 916 (11th Cir. 2001); *Atkins v. Singletary*, 965 F.2d 952, 957 (11th Cir. 1992).

In light of the foregoing, the state court's rejection of this ineffective-assistance claim is not objectively unreasonable.  *See Harrington*, 131 S.Ct. at 785.  Thus, Petitioner has not established that the state court's rejection of this claim provides a basis for federal habeas relief.

*Claim 2: Apprendi*

Petitioner contends that the jury instructions in this case relieved the State of proving to the jury, beyond a reasonable doubt, that the premises into which he had broken were a "dwelling", a factor that increased his maximum potential punishment because under Florida law burglary of a "dwelling" is a second degree felony while burglary of a "structure" is a third degree felony. Doc. 1; *see* Fla. Stat. § 810.02. Petitioner raised this claim in his belated direct appeal.

In *Apprendi*, the U.S. Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490. *See also United States v. Marseille,* 377 F.3d 1249 (11th Cir. 2004). Jury instructions are evaluated in the context of the overall charge to the jury as a component of the entire trial process. *United States v. Frady*, 456 U.S. 152, 169 (1982). The inquiry on habeas review is whether there is a "reasonable likelihood" that the jury applied the challenged instruction in a way that violates the Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Under Florida's burglary statute, findings that the place burglarized was a "dwelling," that the offender is or became "armed" with explosives or a dangerous weapon, or that an "assault" occurred during the course of the burglary are aggravating circumstances that increase the penalty beyond the statutory maximum sentence prescribed for simple burglary. *See* § 810.02, Fla. Stat. (1997). The jury must make specific findings of such aggravating circumstances before an increased penalty may be imposed. *See Bottoson v. Moore*, 833 So.2d 693, 709 n. 21 (Fla. 2002) (Anstead,

C.J., concurring) ("[i]f the jury finds that the state has proved a particular aggravating circumstance beyond a reasonable doubt, they are required to find the defendant guilty of the enhanced crime, such as 'burglary with an assault,' 'burglary while armed,' 'burglary of a dwelling,' or 'burglary of a structure with a human being in the structure.'") (citation omitted); *Wise v. State*, 576 So.2d 428, 429 (Fla. 4 DCA 1991)(concluding that defendant was not subject to enhanced sentence for burglary of dwelling with intent to commit assault, in the absence of a jury finding that an assault had actually occurred).

In this case, the jury was instructed that it had to find all elements of the crime "beyond a reasonable doubt": that Petitioner entered or remained in a structure owned by the victim; that Petitioner did not have consent to do so; and that Petitioner had the intent to commit an offense in the structure. Exh. at 26-27. The instructions defined "dwelling" and explained that the jury must state in its verdict whether the structure entered was a "dwelling." *Id*. Thus, the instructions plainly required the jury to find the existence of the aggravating circumstance beyond a reasonable doubt. On this record, there is not a reasonable likelihood that the jury applied the challenged instruction in a way that violates *Apprendi*. Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing

Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 20th day of May 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.